IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE VANGUARD GROUP, INC. and PHILLIPS 66 COMPANY, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action Number:_____ |
| YASAMIN SHIKHABOLHASSANI, JESSICA MAULDIN, and CYRUS NAJAFIZADEH | § § § § | |
| Defendants. | § § § | |

**PLAINTIFFS' ORIGINAL COMPLAINT FOR
INTERPLEADER AND DECLARATORY JUDGMENT**

The Vanguard Group, Inc. ("Vanguard") and Phillips 66 Company ("Phillips 66," and collectively with Vanguard, "Plaintiffs") file this Original Complaint for Interpleader and Declaratory Judgment, seeking to resolve the competing claims asserted by Yasamin Shikhabolhassani, Jessica Mauldin, and Cyrus Najafizadeh (collectively, "Defendants") to employee benefit funds held by Plaintiffs. Plaintiffs wish to effectuate the wishes of Mohammad Najafizadeh, deceased, and satisfy the terms of the Phillips 66 Savings Plan in accordance with the requirements of the Internal Revenue Code and the Employee Retirement Income Security Act of 1974. Mr. Najafizadeh prepared a beneficiary designation form that named his children (Defendants Jessica Mauldin and Cyrus Najafizadeh) as the primary beneficiaries and his wife (Defendant Yasamin Shikhabolhassani) as the contingent beneficiary of his employment benefit funds. There, however, has been disagreement as to whether the beneficiary designations were proper. Plaintiffs ask the Court to resolve this disagreement or, in the alternative, to declare that the Plan's determination was valid and correct.

57569263.1                                  - 1 -

## I. PARTIES

1. Plaintiff Vanguard is a Pennsylvania corporation that maintains its principal place of business in Malvern, Pennsylvania.

2. Plaintiff Phillips 66 is a Delaware corporation that maintains its principal place of business in Houston, Texas.

3. Upon information and belief, Defendant Yasamin Shikhabolhassani is an individual residing at 12815 Rock Falls Way, Houston, Texas 77041, who can be served at her attorney's office, Michael Trevino, Esquire, Radack & Borunda, P.C., 1345 Campbell, Suite 220, Houston, Texas 77055, or wherever she may be found.

4. Defendant Jessica Mauldin is an individual residing at 1135 Waterside Circle, Rockwall, Texas 75087-6007.

5. Defendant Cyrus Najafizadeh is an individual residing at 16907 Windypine Drive, Spring, Texas 77379-6430.

## II. JURISDICTION AND VENUE

6. The Court has federal question jurisdiction pursuant to 28 U.S.C. Section 1331 because the claim presented arises under the Internal Revenue Code and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sections 1001-1461. In addition, Plaintiffs' claims are authorized by 29 U.S.C. Section 1132(a)(3)(B), which allows ERISA plan fiduciaries to bring civil actions for appropriate equitable relief, and 29 U.S.C. Section 1132(e)(1) provides for federal jurisdiction over such actions.

7. Venue is proper in this Court pursuant to 29 U.S.C. Section 1132(e)(2) because: (a) the ERISA plan at issue in this lawsuit is administered; and (b) because Defendants Yasamin Shikhabolhassani and Cyrus Najafizadeh reside, within the geographical boundaries of the Southern District of Texas.

### III.  FACTUAL BACKGROUND

**A.  The Parties**

8.  Plaintiff Phillips 66 is an energy company that, among other things, refines and markets petroleum products; gathers and processes oil and natural gas; and produces and processes chemicals.  Phillips 66 was formerly part of ConocoPhillips Company ("ConocoPhillips") but, in 2012, Phillips 66 became an independent company.

9.  Plaintiff Vanguard is an investment management company that, among other things, administers third-party benefit plans.  Vanguard administers third-party benefit plans offered by Phillips 66 (and its predecessor, ConocoPhillips) and in its role, specifically performs tasks that are non-discretionary and ministerial in nature.

10.  Defendants are the widow (Defendant Yasamin Shikhabolhassani), daughter (Defendant Jessica Mauldin), and son (Defendant Cyrus Najafizadeh) of Mohammad Najafizadeh, deceased.  Mr. Najafizadeh was formerly an employee of Phillips 66's predecessor, ConocoPhillips, and he also was employed by Phillips 66 from May 1, 2012 (when Phillips 66 was spun-off from ConocoPhillips) until his death in April 2013.

**B.  The Plan**

11.  Like many companies, Phillips 66 and its predecessor, ConocoPhillips, offer benefit plans to their employees.  Two such plans are the Phillips 66 Savings Plan and the ConocoPhillips Savings Plan ("CPSP").

12.  Mr. Najafizadeh participated in both the CPSP (while employed by ConocoPhillips) and the Phillips 66 Savings Plan (while employed by Phillips 66).  In connection with the spin-off of Phillips 66 from ConocoPhillips, Mr. Najafizadeh's CPSP account was spun-off to the Phillips 66 Savings Plan (hereafter, the "Plan") in May 2012.  Vanguard administers the Plan.

**C.     Mr. Najafizadeh's Plan Beneficiary Designations**

13.     On or about June 10, 2005, Mr. Najafizadeh completed a Beneficiary Designation/Change form pertaining to his CPSP account. Ex. 1. On this form, Mr. Najafizadeh designated his son and daughter—Defendants Jessica Mauldin and Cyrus Najafizadeh—as the primary beneficiaries for his account. *Id.* Mr. Najafizadeh also designated his wife—Defendant Yasamin Shikhabolhassani—as the contingent beneficiary for his account. *Id.*

14.     Because Mr. Najafizadeh designated someone other than his spouse as a primary beneficiary, the Beneficiary Designation/Change form required that his spouse (Ms. Shikhabolhassani) consent to the designation by executing the form before a notary. Ms. Shikhabolhassani executed the Beneficiary Designation/Change form on June 11, 2005, and the form was notarized that same day. *Id.* The notary, Billie L. McDonald, affixed her seal to the form. *Id.* Although the image quality of the Beneficiary Designation/Change form is somewhat lacking, it appeared from her seal that Ms. McDonald's notarial license expired on "03-16-2006." *Id.*

**D.     Defendants Assert Competing Claims to Mr. Najafizadeh's Plan Benefits**

15.     Mr. Najafizadeh passed away on or about April 12, 2013.

16.     After Mr. Najafizadeh's death, beneficiary confirmation forms were sent to Cyrus Najafizadeh, Jessica Mauldin, and Ms. Shikhabolhassani.

17.     On April 30, 2013, upon receipt of completed paperwork from Cyrus Najafizadeh, 49% of the value of Mr. Najafizadeh's Plan account (or $1,088,027.42[1]) was transferred to a Vanguard retirement account held by Cyrus Najafizadeh (the transferred assets have been frozen by Vanguard pending the resolution of this dispute). Jessica Mauldin also submitted paperwork

---

[1] This dollar amount represents the value of the Plan assets as of the April 30, 2013 transfer date.

to establish herself as a beneficiary of the Plan, but she did not direct Vanguard to transfer any funds. Thus, 51% of the value of Mr. Najafizadeh's Plan account, valued at $1,132,436.70 on April 30, 2013, currently remains in Mr. Najafizadeh's Plan account.

18. On August 15, 2013, counsel for Ms. Shikhabolhassani sent a letter to Phillips 66, claiming that Ms. Shikhabolhassani was entitled to the full proceeds of Mr. Najafizadeh's Plan account. Ex. 2. Specifically, Ms. Shikhabolhassani claimed that she was forced to sign the Beneficiary/Designation Change form. *Id.* In addition, Ms. Shikhabolhassani claimed that the Beneficiary/Designation Change form was invalid because the notary's license had actually expired on March 15, 2005 (i.e., three months prior to Ms. Shikhabolhassani signing the form). *Id.*

19. On August 29, 2013, Ms. Shikhabolhassani's claim to receive benefits from Mr. Najafizadeh's Plan was denied. Ex. 3. As explained in the denial letter, Ms. Shikhabolhassani was listed as a contingent beneficiary on the Beneficiary/Designation Change form and, pursuant to both the Plan and the Beneficiary/Designation Change form, contingent beneficiaries receive benefits only if the primary beneficiaries predecease the Plan participant. *Id.* Because the primary beneficiaries (Defendants Jessica Mauldin and Cyrus Najafizadeh) did not predecease Mr. Najafizadeh, it was determined that Ms. Shikhabolhassani, as a contingent beneficiary, should not have received a confirmation of benefits because she was not entitled to Plan benefits.

20. By letter dated October 22, 2013, Ms. Shikhabolhassani appealed the denial of her claim for benefits. Ex. 4.

21. On January 9, 2014, Ms. Shikhabolhassani's appeal was denied, thereby exhausting all remedies available to Ms. Shikhabolhassani pursuant to the terms of the Plan.

22. Upon information and belief, Mr. Najafizadeh's children (Defendants Jessica Mauldin and Cyrus Najafizadeh) dispute that Ms. Shikhabolhassani is entitled to the full proceeds of Mr. Najafizadeh's Plan benefits. Instead, as evidenced by their completion of paperwork to establish themselves as beneficiaries and (with respect to Cyrus Najafizadeh) to transfer funds, Jessica Mauldin and Cyrus Najafizadeh believe that the Beneficiary/Designation Change form is valid and that they are each entitled to receive 50% of Mr. Najafizadeh's Plan benefits.

23. Plaintiffs, Phillips 66 and its Plan administrator, Vanguard, seek relief from the Court to resolve these competing claims to Mr. Najafizadeh's Plan benefits.

## IV.   CAUSES OF ACTION

**A.   Interpleader**

24. The statements in the preceding paragraphs are incorporated by reference herein.

25. As detailed above, Ms. Shikhabolhassani claims that she is entitled to the full Plan benefits of her late husband (Mr. Najafizadeh) because the Beneficiary Designation/Change form is invalid. Conversely, Jessica Mauldin and Cyrus Najafizadeh claim that the Beneficiary Designation/Change form is valid and that they are therefore entitled to their late father's entire benefit under the Plan. Thus, multiple claimants have presented competing claims to Mr. Najafizadeh's Plan benefits, thereby subjecting Plaintiffs to a real and reasonable fear of multiple liability and authorizing this interpleader. *See* Fed. R. Civ. P. 22.

26. Plaintiffs have at all times been willing to pay these benefits to the proper beneficiary or beneficiaries under the Plan. However, in light of the competing claims to these benefits, Plaintiffs seek to have the competing claims resolved by the Court so as to avoid double liability, multiple suits, and unnecessary costs. Plaintiffs are disinterested stakeholders with respect to Mr. Najafizadeh's Plan benefits, and Plaintiffs claim no interest in those benefits.

27. Plaintiffs have timely filed this interpleader action. Specifically, Ms. Shikhabolhassani's appeal of the denial of her benefits was denied on January 9, 2014, and Plaintiffs filed this interpleader less than three days later.

28. Plaintiffs are prepared to comply with an order of this Court that requires the Plan benefits to be deposited with the Court or otherwise preserved until such time as there is a final adjudication as to the rightful recipient of Mr. Najafizadeh's Plan benefits. But because the disbursement of the Plan benefits to the registry of the Court will eliminate the tax-deferred nature of the Plan benefits for the ultimate beneficiary of the funds, Plaintiffs are alternatively willing to continue to maintain a restriction on the funds—thus preserving the benefits' tax-deferred status—until Plaintiffs receive further direction from the Court.

**B.    Declaratory Judgment**

29. The statements in the preceding paragraphs are incorporated by reference herein.

30. In the alternative to their claim for interpleader, Plaintiffs seek a judgment declaring that Ms. Shikhabolhassani is not entitled to any of Mr. Najafizadeh's Plan benefits, and that these benefits are instead owed to Jessica Mauldin and Cyrus Najafizadeh.

31. Declaratory judgment is proper as the competing claims to Mr. Najafizadeh's Plan benefits present an actual, justiciable controversy, which controversy will be resolved by the requested determination. *See* 28 U.S.C. § 2201 (creating the remedy of declaratory judgment for actual, justiciable controversies that are within the court's jurisdiction). A judgment declaring that Jessica Mauldin and Cyrus Najafizadeh, and not Ms. Shikhabolhassani, are the rightful recipients of Mr. Najafizadeh's Plan benefits will serve the useful purposes of clarifying and settling Defendants' competing claims to these benefits, and provide relief from the uncertainty presented by those competing claims.

## V. ATTORNEYS' FEES

32. Plaintiffs seek to recover their costs and reasonable attorneys' fees associated with bringing these claims for interpleader and declaratory judgment.

33. The Court has discretion to award Plaintiffs their reasonable attorney's fees and costs pursuant to 29 U.S.C. Section 1132(g)(1), which authorizes the award of fees and costs for claims asserted by ERISA plan fiduciaries.

34. Likewise, the Court has discretion to award Plaintiffs their reasonable attorney's fees and costs associated with bringing these claims for interpleader and declaratory judgment. *See Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 696 F.2d 359, 364 (5th Cir. 1983) ("A district court has discretion to award costs, including reasonable attorney's fees, in interpleader actions."); *see also Kirchberg v. Feenstra*, 708 F.2d 991, 995-96 (5th Cir. 1983) (awarding costs and fees for a declaratory judgment claim that, as here, invokes federal question jurisdiction under a statute that provides for the award of costs and fees).

## VI.  PRAYER

Plaintiffs Phillips 66 and Vanguard respectfully request that Defendants be cited to appear and answer and that:

(1) A judgment be entered: granting Plaintiffs' claim for interpleader; releasing and discharging Plaintiffs from any and all liability to Defendants arising from Mr. Najafizadeh's Plan account; awarding Plaintiffs their reasonable and necessary costs and attorneys' fees associated with bringing this action, to be paid from the money deposited into the Court's registry or transferred to the Defendants pursuant to a Court Order, prior to the distribution or transfer of said funds to any Defendants; and granting any further relief, in law or in equity, to which Plaintiffs may be entitled.

- 9 -

(2) Or, in the alternative, a judgment be entered to: declare who is entitled to the proceeds of Mr. Najafizadeh's Plan account; award Plaintiffs their reasonable and necessary costs and attorneys' fees associated with bringing this action, to be withheld from any future disbursement to Defendants of the proceeds of Mr. Najafizadeh's Plan; and granting any further relief, in law or in equity, to which Plaintiffs may be entitled.

Dated: January 10, 2014

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

/s/  Edward B. Adams
    Edward B. Adams
    State Bar No. 00790200
    Seth Isgur
    State Bar No.  24054498
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX  77010-3095
Telephone: (713) 651-5151
Facsimile:  (713) 651-5246

**Counsel for Plaintiffs The Vanguard Group, Inc. and Phillips 66 Company**